FILED

JUL 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CESAR SARAUSAD,

　　　　　Petitioner - Appellant,

v.

DOUG WADDINGTON,

　　　　　Respondent - Appellee.

No. 10-35226

D.C. No. 2:02-cv-02547-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted June 21, 2011
Pasadena, California

Before: REINHARDT, W. FLETCHER, and BYBEE, Circuit Judges.

On remand from the Supreme Court, Sarausad renewed the two arguments in
his habeas petition that had not yet been decided. The district court rejected both
arguments. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Sarausad argues that Washington's accomplice liability statute failed to give him adequate notice that he could be found guilty of murder for aiding in the commission of a drive-by shooting, in violation of the Fourteenth Amendment's due process clause. It is well-settled that a person cannot be held "criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States v. Harriss*, 347 U.S. 612, 617 (1954). In challenging the statute for vagueness, Sarausad has the burden to show that it was unconstitutionally vague as applied to him. *United States v. Davis*, 36 F.3d 1424, 1434 (9th Cir. 1994). The Supreme Court's decision in this case forecloses Sarausad's argument. Under the Supreme Court's reading of Washington's accomplice liability statute and the paralleling jury instruction, the jury found that Sarausad knowingly facilitated a murder, not some other crime. *Waddington v. Sarausad*, 555 U.S. 179, 191-92 (2009). The accomplice statute, as interpreted by the Supreme Court, gave fair warning that Sarausad could be convicted of murder and attempted murder if he knowingly facilitated a murder. *See* Rev. Code Wash. § 9A.08.020(3)(a).

Sarausad also argues that the Fourteenth Amendment's equal protection clause was violated because he was convicted of murder with less evidence of intent than was required to convict the principal. Because the Washington courts

did not rule on this argument, we do not review it under the deferential AEDPA standard. *Luna v. Cambra*, 306 F.3d 954, 960-61 (9th Cir.), *amended by* 311 F.3d 928 (9th Cir. 2002). However, Sarausad's argument is foreclosed by *Teague v. Lane*, 489 U.S. 288 (1989). Under *Teague*, we may not announce a new rule of law on habeas review, *id.* at 310, and Sarausad points to no extant caselaw holding that such a conviction violates the equal protection clause.

AFFIRMED.